UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN LAVAGGI<br><br>Plaintiff,<br><br>v.<br><br>DAILY DIAMOND DEAL, LLC d/b/a<br>MY DAILY STYLES, RAMI KAKORAIEV,<br>and<br>JOHN DOES 1-10<br><br>Defendants. | 17-cv-00034<br><br>COMPLAINT AND<br>JURY DEMAND<br><br>ECF CASE |

**COMPLAINT AND INJUNCTIVE RELIEF REQUEST**

Plaintiff, STEVEN LAVAGGI (hereinafter "Plaintiff" or "Lavaggi") for his complaint against Defendants DAILY DIAMOND DEAL, LLC d/b/a MY DAILY STYLES ("DDD"), RAMI KAKORAIEV ("Kakoraiev") (DDD and Kakoraiev collectively as "Defendants"), and John Does 1-10, states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for Defendants' infringement of Lavaggi's federally-registered copyright.

**THE PARTIES**

2. Plaintiff is a jewelry designer who resides in Texas.

3. Upon information and belief, Defendant DDD is a New York limited liability company with an office at 18508 Union Turnpike, Suite 105, Fresh Meadows, New York 11366 (the "Business Location").

1

4. DDD offers for sale and sells jewelry. DDD operates at the Business Location located within the geographic area encompassed by the Eastern District of New York. DDD also sells jewelry over the internet to customers, including those located within the geographic area encompassed by the Eastern District of New York.

5. Upon information and belief, Kakoraiev resides at 75-27 194th Street, Flushing, New York 11366. Kakoraiev is employed at DDD and has various responsibilities and duties at DDD, including but not limited to managing and organizing DDD's promotions and marketing efforts. Upon information and belief, Kakoraiev intentionally and knowingly directed the infringing activities as set forth in this Complaint.

6. Upon information and belief, Defendants John Does 1-10 are individuals or business entities that reside and/or conduct substantial business within this Judicial District. Further, John Does 1-10 are directly and personally contributing, inducing, and/or engaging in the sale of jewelry that infringe Lavaggi's federally-registered copyright as alleged herein as principals, partners and/or suppliers to the named Defendant. Plaintiff is presently unaware of the true identities of John Does 1-10 and plans to amend this complaint upon discovery of the identities and roles of John Does 1-10.

## JURISDICTION AND VENUE

7. This action, pursuant to 17 USC § 501 *et seq.*, is seeking preliminary and permanent injunctive relief, other equitable relief, recovery of Plaintiff's

actual damages and an award of Defendants' profits or, alternatively, statutory damages and recovery of the costs, fees, and attorneys' fees Plaintiff incurs relating from Defendants' willful infringement of Lavaggi's rights granted under the Copyright Laws of the United States.

8. The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a) and 1338(b), and 28 U.S.C. §1367.

9. This Court has personal jurisdiction over Defendants in this action through and/or by (1) virtue of their acts and omissions which have taken place in the state of New York and are designed to, and are infringing Plaintiff's federally protected copyright rights within this judicial district, and/or (2) Defendant DDD's principal place of business and Defendant Kakoraiev's residence in New York.

10. Venue is proper in this district under 28 U.S.C. §1391 (b)-(c), for the reasons, inter alia, (1) that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, (2) that the defendants do business in this district and have committed acts of infringement in this district, (3) that the defendants have subjected themselves to the jurisdiction of the New York courts, and/or (4) under 28 U.S.C. §1400(a) because this is a civil action arising under an act of Congress relating to copyrights and is a district in which the Defendants and their agents reside or may be found, and/or Plaintiff is suffering harm in this District due to Defendants' infringement of his federally protected copyright.

**FACTS COMMON TO ALL CLAIMS**

11. Lavaggi has been and is engaged in the business of, *inter alia*, creating, offering for sale and selling jewelry.  Lavaggi and his jewely line have been featured on the QVC television shopping network for many years and have developed recognition and fame throughout the world as the "Artist of Hope."  As a result, Lavaggi and Lavaggi's jewelry line comprising the "angel look" have acquired recognition and fame.

12. Plaintiff is the owner of all rights, title, and interest in its federal copyright registration, No. VA 1-128-082, issued by the United States Copyright Office on or about January 28, 2002 (hereinafter the "Lavaggi Copyright"), for his American Angel design (the "Protected Design").  A true and accurate copy of the above-referenced copyright registration and the Protected Design for the Lavaggi Copyright are attached herewith as Exhibit A.

13. Lavaggi discovered that DDD was selling jewelry items on its website, www.mydailystyles.com which infringe the Lavaggi Copyright.

14. Upon information and belief, through means known to DDD and Kakoraiev but unknown to Lavaggi, DDD and Kakoraiev purchased one or more copies of jewelry items (the "Infringing Angel Items") bearing the Protected Design.

15. Upon information and belief, DDD and Kakoraiev then sold within the United States the Infringing Angel Items  which are at least substantially similar to Lavaggi's Protected Design.  Attached hereto as Exhibit B is a true and correct printout of two Infringing Angel Items offered for sale and sold by

4

Defendants.

16. On or about November 16, 2016, Lavaggi's counsel sent a cease and desist letter to Defendant DDD. DDD failed to provide a response. Lavaggi's counsel made another attempt to communicate with DDD on or about November 28, 2016, and DDD still failed to respond. Defendant never responded to Lavaggi's counsel's letters. As a result, this action follows.

17. Lavaggi has not authorized, licensed, or otherwise consented to Defendants copying, advertising, marketing, offering for sale, selling, distributing, and/or using Lavaggi's Protected Design.

18. Defendants' activities in connection with the Infringing Angel Items infringe the Lavaggi Copyright.

19. Upon information and belief, Defendants' infringement of Plaintiff's Copyright is willful and deliberate, and will continue unless enjoined by this Court.

20. Upon information and belief, despite having received notice of this matter, Defendants have not turned over the Infringing Angel Items to Lavaggi for destruction.

21. Lavaggi has suffered irreparable injury and has been damaged by the activities of Defendants relating to the Infringing Angel Items. Furthermore, Plaintiff fears that Defendants will continue their infringing actions and thus cause Lavaggi to suffer more damages and further irreparable injury unless such actions are enjoined by this Court.

22. Due to the clear and willful infringing actions by Defendants of the

Lavaggi Copyright, Lavaggi will likely prevail in this action because of its merits.

23. Lavaggi has no adequate remedy at law to prevent these injuries caused by the willful infringing actions on the part of Defendants.

### FIRST CAUSE OF ACTION
### <u>FEDERALCOPYRIGHT INFRINGEMENT</u>

24. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendants are distributing, promoting, marketing, offering for sale, selling and/or using the Infringing Angel Items, which are substantially similar to the Protected Design, in contravention of the rights of Plaintiff and without Plaintiff's permission or consent.

26. Defendants' distributing, promoting, marketing, offering for sale, selling and/or using the Infringing Angel Items constitute willful infringement of the Lavaggi Copyright and is in violation of 17 U.S.C. §501 et seq.

27. Plaintiff has been injured in an amount not yet ascertained.

WHEREFORE, Plaintiff respectfully requests this Court to:

    A. Grant judgment as requested by Steven Lavaggi and against Defendants DAILY DIAMOND DEAL, LLC d/b/a MY DAILY STYLES and RAMI KAKORAIEV and John Does 1-10;

    B. Award to Steven Lavaggi and jointly and severally against the Defendants the following:

      a. Lavaggi's actual damages;

      b. Defendants' profits from their sales of the Infringing Angel Items;

      c. As an alternative to Lavaggi's actual damages, statutory damages; and

      d. Attorneys' fees, other fees, and costs incurred by Steven Lavaggi due to Defendants' infringement of the Lavaggi Copyright.

C. Order that Defendants, all principals, employees, servants, agents, customers, distributors, attorneys, subsidiaries, assigns or related companies and all others acting in concert or participation therewith be enjoined from further infringing, or in any way benefting from their previous infringement of the Lavaggi Copyright including but not limited to the copying, advertising, marketing, offering for sale, selling, distributing, and/or using the Protected Design;

D. Order Defendants to file with this Court and serve on Plaintiff within ten (10) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

E. that Defendants be required to deliver for impoundment or

      destruction, all labels, signs, prints, packages, wrappers, receptacles, advertisements, materials and goods now in their possession which bear or display the Infringing Angel Items;

F. that Plaintiff be awarded such other and further relief as to the Court may appear appropriate under the circumstances.

## Jury Trial

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: January 4, 2017

LEVISOHN BERGER LLP
By:

/s/Jonathan Berger
Peter L. Berger (PB-0121)
Jonathan Berger (JB-6448)
11 Broadway, Suite 615
New York, New York 10004
Telephone (212) 486-7272
Facsimile (212) 486-0323
Email:    pberger@llbl.com
              jberger@llbl.com

Attorneys for
Steven Lavaggi